United States District Court
Southern District of Texas

**ENTERED**

June 02, 2023

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY CRADDOCK, | § | |
| (TDCJ #02355536) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-1256 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Charles Ray Craddock, a Texas state prisoner representing himself, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Docket Entry No. 1). At the court's request, Craddock filed an amended petition on the approved form. (Docket Entry No. 8). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Craddock's petition, amended petition, and all matters of record, the court dismisses his petition. The reasons are explained below.

## I.    Background

In August 1990, Craddock was convicted of murder in Brazos County Cause Number 18841272 and sentenced to 45 years in prison.[1]  *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/ (last visited May 22, 2023). In his petition and amended petition,

---

[1] Craddock was also convicted in the same case of one count of aggravated assault and two counts of aggravated assault with a deadly weapon. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/ (last visited May 22, 2023). He has been discharged from the sentences for those convictions, and they are not issue in this petition.

Craddock alleges that he was convicted under a defective indictment and that counsel provided ineffective assistance by failing to object to the indictment. (Docket Entry No. 8, pp. 6-7). He asks the court to vacate his murder conviction and remand for discharge. (*Id.* at 7).

The court's records show that Craddock filed a federal habeas petition in December 2002 challenging his 1990 convictions. This petition was dismissed as untimely filed, *see Craddock v. Cockrell*, Civil No. H-02-4566 (S.D. Tex. Dec. 19, 2002), and the Fifth Circuit denied a certificate of appealability. *Id.* at Dkt. 10. The United States Supreme Court denied Craddock's petition for a writ of certiorari. *See Craddock v. Dretke*, 540 U.S. 918 (2003).

In August 2020, Craddock filed a second petition for federal habeas corpus relief, again challenging his 1990 convictions. *See Craddock v. Lumpkin*, Civil No. H-20-3034 (S.D. Tex.), at Dkt. 1. The petition was dismissed as untimely filed. *See Craddock v. Lumpkin*, Civil No. H-20-3034, 2021 WL 5450965 (S.D. Tex. Oct. 22, 2021), *report & recommendation adopted*, 2021 WL 5449528 (S.D. Tex. Nov. 22, 2021).

In May 2022, Craddock moved to reopen his 2020 action to seek further relief. *Id.* at Dkt. 41. The court construed Craddock's motion as seeking leave to file a successive habeas petition and transferred the motion to the United States Court of Appeals for the Fifth Circuit. *See Craddock v. Lumpkin*, Civil No. H-20-3034, 2022 WL 2669466 (S.D. Tex. July 11, 2022). The Fifth Circuit denied the motion to file a successive petition. *See In re Craddock*, Appeal No. 22-20350 (5th Cir. Sept. 27, 2022), at Dkt. 22.

Six months later, on April 3, 2023, Craddock filed a second motion in the Fifth Circuit seeking authorization to file a successive habeas petition. *See In re Craddock*, Appeal No. 23-20129 (5th Cir. May 5, 2023), at Dkt. 1. The Fifth Circuit denied that motion on May 5, 2023. *Id.*

at Dkt. 24.  The court also warned Craddock that further frivolous, repetitive, or otherwise abusive filings could result in sanctions.  *Id.*

In the petition and amended petition currently before this court, Craddock admits that he filed a previous federal habeas petition that was denied.  (Docket Entry Nos. 1, p. 7-8; 8, p. 8).  He also admits that he filed pleadings in the Fifth Circuit.  (Docket Entry No. 8, p. 8).  He does not explain in either pleading that the Fifth Circuit denied his requests to file a successive petition.

## II.   Discussion

Craddock's petition for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997).  "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)).  But before filing a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that [the] petition satisfies [AEDPA]'s gatekeeping requirements." *Id.*  A petitioner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)).  A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so.  *See* § 2244(b)(3)(A).  Without such authorization, the action must be dismissed for lack of jurisdiction.

Craddock challenged the same state-court conviction in his previous federal habeas petitions.  The issues he raises could have been, and in fact were, raised in his 2020 petition.  His

current petition is successive under 28 U.S.C. § 2244(b), and he must obtain authorization from the Fifth Circuit before this court may consider it.  *See* 28 U.S.C. § 2244(b)(3)(A).  This court has no record of an order from the Fifth Circuit authorizing Craddock to file a successive petition. Instead, the records available to the court show that the Fifth Circuit specifically denied Craddock permission to file a successive habeas petition.  Without authorization from the Fifth Circuit, this court has no jurisdiction to consider Craddock's current petition.

Craddock's petition and amended petition, (Docket Entry Nos. 1, 8), are dismissed without prejudice as successive.  All pending motions are denied as moot.  A certificate of appealability will not be issued.  Craddock is warned that further frivolous, repetitive, and abusive filings may result in sanctions, including monetary penalties and restrictions on further filings of any kind in this court.

SIGNED on June 2, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge